IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Robert J. BRADY, attorney at law.

Supreme Court

*No. 80–2017–D. Filed June 30, 1981.*
(Also reported in 307 N.W.2d 185.)

PER CURIAM. *Attorney disciplinary proceedings; license revoked by consent.*

On November 3, 1980 the Board of Attorneys Professional Responsibility filed with the court a complaint alleging that Robert J. Brady, an attorney admitted to practice in this state since 1956, and who practices in Milwaukee, engaged in unprofessional conduct by failing to notify his clients, on two occasions, that he had received money in settlement of their claims, failing to deposit that money in a trust account and, without the knowledge or consent of his clients, endorsing their names to the checks, cashing them and converting the funds to his own use. It was further alleged that for at least two years while engaged in the private practice of law, the respondent did not maintain a trust account for his clients' funds and that during that period he received funds of clients in excess of $18,000, which he commingled with his own funds and a substantial portion of which he converted to his own use.

The court referred the matter to the Hon. John Fiorenza as referee pursuant to SCR 21.09 (1980). The respondent did not contest the proceeding, and on May 8, 1981, he filed with the referee a petition for the revocation of his license by consent pursuant to SCR 21.10(1). In that petition the respondent states that he cannot successfully defend against the charges set forth in the Board's complaint and, further, that he cannot successfully defend against the allegations set forth in a case, numbered 547–381, pending in Milwaukee county circuit court. He also waived his right to a hearing, consented to the entry of an immediate order of revocation and waived all rights of appeal.

On May 12, 1981, the referee filed with the court his report and recommendation in which he made findings of fact consistent with the allegations of the complaint

and recommended that the respondent's license to practice law be revoked immediately and that he be assessed the costs of these proceedings. The referee noted that the respondent had filed a petition for revocation of his license. We hereby adopt the findings, conclusions and recommendation of the referee.

It is ordered that the license of Robert J. Brady to practice law in Wisconsin is revoked effective the date of this order.

It is further ordered that Robert J. Brady pay the costs of this proceeding in the amount of $636.26 to the Board of Attorneys Professional Responsibility within 60 days of the date of this order.